UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDY POWELL, an individual,

   Plaintiff,      Case No. 1:21-cv-____

vs.

PARKVIEW HILLS ENTERPRISES, INC., a corporation, d/b/a PARKVIEW HILLS MANAGEMENT COMPANY,

and

THE CLOISTERS CONDOMINIUM ASSOCIATION, a nonprofit corporation,

and

GREATER KALAMAZOO ASSOCIATION OF REALTORS, a nonprofit corporation,

   Defendants.

William F. Piper (P38636)
William F. Piper, PLC.
**Attorney for Plaintiff**
1611 W. Centre Ave., Suite 209
Portage, MI 49024
(269) 321-5008
wpiper@wpiperlaw.com

## COMPLAINT

  The plaintiff Judy Powell, by and through her attorney William F. Piper, PLC., for her complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1

1. The plaintiff Judy Powell is a person who is a resident of the City and County of Kalamazoo, State of Michigan and she was at all times relevant to this complaint.

2. The defendant Parkview Hills Enterprises, Inc., d/b/a Parkview Hills Management Company, is a corporation that managed the Cloisters Condominium Complex at all times relevant in this complaint.

3. The defendant The Cloisters Condominium Association is, upon information and belief, a nonprofit corporation that did business in the County of Kalamazoo at all times relevant to this complaint that represented the interests of the owners of condominiums in The Cloisters.

4. The defendant Greater Kalamazoo Association of Realtors is a nonprofit corporation that provided services to real estate sellers and realtors at all times relevant to this complaint.

5. The plaintiff is an aggrieved person as defined by 42 U.S.C. §3607, because the defendants, by their actions, discriminated and retaliated against her because of her disabilities and because she had filed an administrative action of discrimination against The Cloisters Condominium Associations as a result of its refusal to build her a ramp and its delay in giving her permission to build a ramp.

6. This action is brought under the Fair Housing Act, which is Title VIII of the Civil Rights Act of 1978, as amended by the Fair Housing Action of 1988, 42 USC § 3601 *et seq.*

7. This court has jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §1345, 42 U.S.C. § 3601, and 42 U.S.C. § 3613, and it has authority to grant declaratory and injunctive relief under Fed. R. Civ. P. 57, 28 U.S.C. §2201 and 28 U.S.C. §2202.

8. Some claims in this lawsuit are brought under this court's supplemental jurisdiction to hear and decide state law claims arising out of the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

9. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-8 of this complaint.

10. As a result of an accident involving chemical exposure, the plaintiff Judy Powell has severe breathing problems, uses oxygen, and has difficulty walking and climbing stairs.

11. In 2014 through 2019 Ms. Powell lived at The Cloisters, 114 Lanark Court, Apt. C.

12. Because of her physical problems described above, Ms. Powell asked The Cloisters Condominium Association permission to build her ramp, but the defendant refused to do so.

13. The defendant The Cloisters Condominium Association also delayed in giving permission to Ms. Powell to build a ramp.

14. As a result of the delay, Ms. Powell filed a complaint with the Michigan Department of Civil Rights.

15. In late 2018, Ms. Powell attempted to sell her condominium referenced above.

16.     The defendant Greater Kalamazoo Association of Realtors had a form that had, at paragraph 7, a question that stated, "Is the Association involved in any litigation, either as a Plaintiff or Defendant, or are any charges been brought against the Association by any given person or by any agency?"

17.     The defendant Parkview Hills Management Company and The Cloisters Condominium Association answered by referencing Ms. Powell's continuing administrative litigation related to the delay in installing a ramp (**Exhibit 1**).

18.     As a result of the information in the form and its aftermath, the buyer's loan was denied, and the sale of Ms. Powell's condominium fell through, in the late winter 2019 or early spring 2020.

19.     Ms. Powell had to drop her administrative action in order to sell the condominium.

20.     As a result, Ms. Powell sold the condominium for $1,500.00 less than what her original sale had been.

21.     Furthermore, the new home that Ms. Powell purchased was $16,000.00 more than the one she would have purchased when her original condominium sale had fallen through.

22.     Ms. Powell also suffered and will continue to suffer emotional distress, a loss of enjoyment of life, and other intangible damages, as a result of the actions set forth above.

**COUNT I – VIOLATIONS OF THE FAIR HOUSING ACT**

23. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-22 of this complaint.

24. The defendants discriminated and retaliated against the plaintiff in the ways set forth at length above, including, but not limited to, as follows:

    A. Discriminating against Ms. Powell because of her handicap, contrary to 42 U.S.C. §3604(f)(1).

    B. Coercing, intimidating, threatening and interfering with Ms. Powell in her ability to sell her condominium by publicizing her administrative complaint, contrary to 42 U.S.C. §3617.

25. As a result of the discrimination and retaliatory conduct set forth above, Ms. Powell has suffered and will continue to suffer the damages set forth above.

**WHEREFORE,** the plaintiff requests a judgment and order against the defendants declaring the defendants' unlawful conduct unlawful; enjoining further discriminatory and retaliatory conduct; awarding the plaintiff compensation for the damages and injuries she has suffered and will continue to suffer in the future; awarding the plaintiff punitive damages; and awarding the plaintiff interest, costs, attorney's fees and any other relief this Court deems fair and just.

### COUNT II – PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

26. The plaintiffs restates and realleges as though fully set forth herein paragraphs 1-25 of this complaint.

27. The discriminatory and retaliatory conduct set forth above violates various sections of the persons with Disabilities Civil Rights Act, including Article 5,

Section 502, Article 5, Section 602, and Article 5, Section 605(b) (MCL 37.1502, MCL 37.1206 and MCL 37.1602).

**WHEREFORE,** the plaintiff requests a judgment and order against the defendant declaring the defendant's unlawful conduct unlawful; enjoining further discriminatory and retaliatory conduct; awarding the plaintiff compensation for damages and injuries she has suffered and will continue to suffer in the future; and awarding the plaintiff interest, costs, attorney's fees and any other relief this Court deems fair and just.

Dated: January 15, 2021                   William F. Piper, PLC.
                                          Attorney for Plaintiff


                                   By:    /s/ William F. Piper
                                          William F. Piper (P38636)
                                          BUSINESS ADDRESS:
                                          1611 W. Centre Ave., Suite 209
                                          Portage, MI 49024
                                          (269) 321-5008